IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:24-CV-00172-M-RJ

ELISABETH GERICS,

    Plaintiff,

v.

LAUREN JOHNSON,

    Defendant.

ORDER

This matter comes before the court on a Memorandum and Recommendation (the "M&R") issued by Magistrate Judge Robert B. Jones, Jr. on August 16, 2024 [DE 19]. In the M&R, Judge Jones recommends that the court (1) convert Defendant's motion to dismiss [DE 5], in part, to a Rule 56 motion, grant the motion as to Plaintiff's "alienation of affections" claim, and enter judgment in favor of Defendant, and (2) grant the motion to dismiss Plaintiff's "intentional infliction of emotional distress claim" for failure to state a plausible claim for relief. DE 19 at 11. For the reasons that follow, this court adopts in part Judge Jones' M&R.

Plaintiff filed her two-count Complaint, the operative pleading in this matter, in Wake County Superior Court on January 12, 2024. DE 1-1. Defendant removed the action to this court on March 18, 2024, pursuant to §§ 1332, 1441, and 1446. DE 1. Defendant filed the present motion to dismiss the Complaint on March 25, 2024, arguing that Plaintiff failed to state plausible claims for relief. DE 5, 6. In support of her position on the "alienation of affections" claim, Defendant attached a witness declaration, stating, "Defendant acknowledges that the Court's consideration of Mr. Lamm's declaration converts his motion to dismiss into one for summary judgment under Rule 56. N.C. R. Civ. P. 12(d)." DE 6 at 5 n.1.

Plaintiff filed a response to the motion on April 26, 2024, arguing that the court should decline to consider matters outside the pleadings,[1] that the Complaint states sufficient facts to support plausible claims for relief, and that Plaintiff should be permitted to proceed to discovery. DE 11. Plaintiff referenced and attached no testimony nor documents to her brief. *See id.* Defendant replied that Plaintiff's stated need for discovery regarding Defendant's relationship with Plaintiff's husband did not affect Defendant's contention that Plaintiff failed to demonstrate a genuine issue of material fact as to the first element of an alienation claim, for which Plaintiff possessed "the totality of the factual universe." DE 13. Defendant also distinguished the cases on which Plaintiff relief for her intentional infliction claim. *Id.*

Judge Jones issued his M&R on August 16, 2024, finding that Plaintiff had sufficient notice of Defendant's request to consider Defendant's arguments regarding the alienation claim under Rule 56, agreeing with Defendant that discovery was not needed to resolve Defendant's motion, and determining that consideration under Rule 56 was proper for the claim. DE 19. Judge Jones considered Defendant's witness declaration and Plaintiff's verified Complaint—both of which constitute proper factual evidence under Rule 56(c)(4)—and determined that the Complaint made only conclusory allegations concerning the first element of an alienation claim and that Plaintiff could have, but did not, produce her own affidavit or declaration setting forth facts countering Defendant's declaration. *See id.* As such, Judge Jones concluded that Defendant's declaration was uncontroverted and that Plaintiff failed to demonstrate any material factual issue concerning her alienation claim. Judge Jones also found that Plaintiff's factual allegations failed to rise to the

---

[1] Plaintiff asserted that "it would be improper to allow Defendant's motion to dismiss to be converted to a motion for summary judgment at this early state [sic] in the proceedings, when Plaintiff cannot present discoverable material in opposition to the motion." DE 11 at 2.

level of "extreme and outrageous" as necessary to support a plausible claim for intentional infliction of emotional distress under North Carolina law. *Id.* at 9-11.[2]

The M&R was served on the parties, and Plaintiff timely filed objections, to which she attached her own affidavit, the affidavits of seven other witnesses, and approximately one hundred pages of documents and photographs purportedly supporting her claims. DE 20. Plaintiff argues essentially that she should be afforded the opportunity to engage in discovery, that genuine issues of material fact exist when viewing the Complaint and Defendant's witness affidavit in the light most favorable to her, and that the Complaint states plausible claims for relief. *Id.* Defendant counters that Plaintiff's submission of evidence at this stage is improper and Judge Jones properly concluded that Plaintiff "could have . . . filed a counter-declaration . . . but failed to do so." DE 23. Defendant also contends that Judge Jones relied on the correct case law to support his recommendation for dismissal of the intentional infliction claim. *Id.*

A magistrate judge's recommendation carries no presumptive weight. *See United States ex rel. Wheeler v. Acadia Healthcare Co., Inc.*, 127 F.4th 472, 486 (4th Cir. 2025). The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). "The Federal Magistrates Act only requires district courts to 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *Osmon v. United States*, 66 F.4th 144, 146 (4th Cir. 2023) (quoting 28 U.S.C. § 636(b)(1)). And "a party's objection to a magistrate judge's report [must] be specific and particularized." *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation

---

[2] Plaintiff lodges no objection to Judge Jones' finding regarding any "punitive damages claim," and the court concludes it is proper. *See* DE 19 at 11.

3

for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

This is a close call, but after de novo review, the court finds that Plaintiff's allegations in the verified Complaint, taken in the light most favorable to her as required under Rule 56,[3] demonstrate a material factual issue as to whether Plaintiff and her husband were "happily married and genuine love and affection existed between them," which is necessary to prove her alienation claim.[4] However, the court approves and adopts Judge Jones' findings and conclusions as to Plaintiff's intentional infliction claim and dismisses that claim pursuant to Rule 12(b)(6).

First, Judge Jones was correct in converting Defendant's motion regarding the alienation claim to one under Rule 56 and considering both Defendant's witness declaration and the verified Complaint as "evidence" under Rule 56(c)(4). The magistrate judge also properly found that Plaintiff's allegation in paragraph 13 of the Complaint was a "mere recitation" of the first element of the claim and insufficient to support a plausible claim. Notably, in her response to the motion to dismiss, Plaintiff cited only those allegations in paragraphs 7-8 (referencing Plaintiff and her husband, "Mr. Lamm," as "happily married") and 13 to support her alienation claim (DE 11); thus, it is not surprising that Judge Jones focused on those allegations.

In her objection to the M&R, however, Plaintiff also points to the following allegations in paragraph 14.a. of her Complaint[5]:

---

[3] In a Rule 56 analysis, courts must "construe the evidence in the light most favorable to [the non-movant] and draw all reasonable inferences in [her] favor." *Gordon v. CIGNA Corp.*, 890 F.3d 463, 470 (4th Cir. 2018) (quoting *Hill v. Lockheed Martin Logistics Mgmt.*, 354 F.3d 277, 283 (4th Cir. 2004) (en banc)).

[4] The court comes to this conclusion, mindful of the Fourth Circuit's "longstanding" preference that cases be decided on the merits. *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 n.3 (4th Cir. 2010).

[5] The court agrees with Defendant that Plaintiff's attempt to submit new evidence at this stage of the proceeding is improper, particularly as Plaintiff has failed to give sufficient reason(s) for doing

4

- From November 2021 through May 2023, Mr. Lamm regularly traveled from Key West, Florida to Raleigh, North Carolina to spend time with Plaintiff. ¶ 14.a.
- For example, on May 25, 2022, Mr. Lamm traveled from Key West, Florida to Raleigh, North Carolina and spent seven days with Plaintiff to celebrate their wedding anniversary. ¶ 14.a.iii.
- From late June through mid-July 2022, Plaintiff and Mr. Lamm went on a two-week cruise in Europe to celebrate their 25th wedding anniversary. ¶ 14.a.iv.
- From November 23-28, 2022, Mr. Lamm and Plaintiff went on a camping trip together for Thanksgiving. ¶ 14.a.viii.
- On April 3, 2023, immediately after Plaintiff discovered the affair between Mr. Lamm and Defendant, Mr. Lamm traveled from Key West, Florida to Raleigh, North Carolina and spent five days with Plaintiff in an "attempt[] to repair his relationship with Plaintiff." ¶ 14.a.ix.
- Ten days later, Mr. Lamm traveled to North Carolina again to spend time and "attempt[] to repair his relationship with Plaintiff" on April 19-20, 2023. ¶ 14.a.x.

Compl., DE 1-1. The court does not condone Plaintiff's dilatory conduct in failing to bring these allegations to the court's attention at the appropriate time—i.e., in response to Defendant's motion. However, the allegations exist and Plaintiff swore that they are "true of [her] own personal knowledge." *Id.* at 10. Moreover, the allegations describe actions taken by Mr. Lamm that may be construed as "drawing near to," rather than "keeping away from" Plaintiff and, thus, counter Mr. Lamm's declaration that "[l]ong before and long after January 2021, [Plaintiff] was physically and mentally abusive towards me. I was in a perpetual state of fear as to what could happen next." Decl. ¶ 9, DE 6-1.

In Defendant's second argument for dismissal of the alienation claim, she relies on Mr. Lamm's declaration, arguing that "Plaintiff expressly consented to Mr. Lamm engaging in sexual

---

so. *See Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (collecting cases). As such, the court will not consider the documents attached to Plaintiff's objection. DE 20 at 14-130.

relations outside the marriage." DE 6 at 4-5. However, Plaintiff alleges in the verified Complaint that she "was devastated to learn that Mr. Lamm had been having an affair with Defendant." ¶ 14.a.ix, DE 1-1. Viewing this in the light most favorable to Plaintiff, a reasonable jury could find in favor of Plaintiff on this issue.

The court concludes that Plaintiff's allegations, though sparse, are sufficient to demonstrate a genuine issue of material fact as to whether Plaintiff and Mr. Lamm "were happily married and a genuine love and affection existed between them," sufficient to avoid summary judgment under Rule 56. The court ADOPTS the M&R on this issue in all respects, except for Judge Jones' ultimate recommendation to dismiss the alienation claim.

With respect to the intentional infliction claim, Plaintiff's objection merely repeats the same argument she made in response to the motion to dismiss, citing the opinion in *Clark v. Barrett*, 280 N.C. App. 403, 867 S.E.2d 704 (2021). *Compare* DE 11 at 6 *with* DE 20 at 10. Having reviewed the matter de novo, the court finds *Clark* is factually distinguishable from this case, concludes that the allegations fail to show "extreme and outrageous" conduct, and adopts the M&R in full as to this claim.

In sum, the court ADOPTS the M&R [DE 19] IN SUBSTANTIAL PART as follows:

1. Defendant's motion to dismiss [DE 5] is GRANTED IN PART and Plaintiff's claim for intentional infliction of emotional distress is DISMISSED WITH PREJUDICE for failure to state a plausible claim for relief; and

2. Defendant's motion to dismiss, converted to a motion for summary judgment on the request for dismissal of Plaintiff's claim for alienations of affection, is DENIED IN PART as to that claim.

This matter is referred to Judge Jones to schedule discovery, as appropriate, on the remaining claim.

SO ORDERED this 27th day of March, 2025.

*Richard E. Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE